IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GUADALUPE MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  4:22-CV-00520-O |
| | § | |
| B. GLEN WHITLEY, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

On June 14, 2022, Defendants removed this case to federal court and filed their Motion to Dismiss (ECF No. 2). Plaintiff did not file a response, so the matter is ripe for review. Having considered the briefing and reviewed the applicable law, the Court finds that Defendants' Motion to Dismiss (ECF No. 2) should be **GRANTED** and this case should be **DISMISSED**.

### I.    FACTS[1]

Plaintiff, Guadalupe Martinez, filed this suit on April 26, 2022 against Defendants County Judge B. Glen Whitley and Tarrant County Juvenile Services. Based on the nature of her allegations, the Court surmises that Plaintiff Martinez was previously employed by Tarrant County Juvenile Services. However, Plaintiff's Original Petition does not specify when Plaintiff was hired, what her position was, or whether she is still employed by Tarrant County Juvenile Services.

At some point during her employment with Tarrant County Juvenile Services, Plaintiff Martinez was denied a promotion. Plaintiff alleges that Defendants discriminated against her by denying her this promotion, but she does not allege whether that discrimination was based on her

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's Original Petition. *See* Pl.'s Orig. Pet., ECF No. 1-3. At this stage, these facts are taken as true and viewed in the light most favorable to the plaintiff. *See Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

race, gender, or some other legally protected characteristic. Instead, Plaintiff alleges that the hiring process was unfair because supervisors could "endorse" candidates for promotion which gave endorsed candidates an advantage over those who relied only on job evaluations and interview performance scores. Further, Plaintiff alleges that promotions were given to candidates other than herself even when those other candidates plagiarized their application answers and possessed less supervisory work experience than Plaintiff. Plaintiff contends that she suffered severe emotional distress because of her inability to secure a promotion.

## II.     LEGAL STANDARDS

The standard for dismissal under Rule 12(c), Judgment on the Pleadings, is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where

a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up) (quoting *Twombly*, 550 U.S. at 557). A court may not accept legal conclusions as true. *Id.* at 678–79. When well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.     ANALYSIS

Plaintiff brings claims against County Judge B. Glen Whitley and Tarrant County Juvenile Services, and Defendants move to dismiss these claims under Federal Rule of Civil Procedure 12(c).[2] Defendants argue that Tarrant County Juvenile Services is a non-jural entity, and Defendants also argue that Plaintiff's claims against County Judge B. Glen Whitley are impermissibly duplicative of her claims against Tarrant County Juvenile Services. The Court agrees with Defendants on both issues. Accordingly, none of Plaintiff's claims can proceed as a matter of law, and this case must be dismissed.

To begin, "[a] plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence." *Jackson v. Tarrant Cnty. Corr. Ctr.*, No. 4:21-CV-00187-O, 2021 WL 4805083, at *4 (N.D. Tex. Sept. 8, 2021) (alteration in original), *report and recommendation adopted*, No. 4:21-CV-00187-O, 2021 WL 4803800 (N.D. Tex. Oct. 14, 2021), *appeal dismissed*, No. 21-11051, 2021 WL 8087224 (5th Cir. Nov. 23, 2021). Because Martinez brings claims against Tarrant County Juvenile Services, she thereby raises the issue of whether Tarrant County Juvenile Services can itself be sued. Defendants cite several cases for the proposition that Tarrant County Juvenile Services cannot be sued because it is a non-jural entity. *See Coates v. Brazoria Cty. Tex.*, 894

---

[2] Pl.'s Orig. Pet., ECF No. 1-3; Defs.' Mot. to Dismiss, ECF No. 2.

F.Supp.2d 966, 969 (S.D. Tex. 2012) (holding that a juvenile board did not have the capacity to be sued by county juvenile probation department employees, who asserted a § 1983 claim); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity); *Wakat v. Montgomery Cty.*, 471 F.Supp.2d 759, 768 (S.D. Tex. 2007) ("The plaintiffs have not demonstrated that the [Sherriff's department] has been granted such authority by Montgomery County. Accordingly, the [Sheriff's department] is not a proper defendant."). Plaintiff offers no argument against this authority. And even though the Court construes the facts in favor of the Plaintiff at this stage, that does not alter the applicable law. Accordingly, the Court concludes that Tarrant County Juvenile Services is not a jural entity, so Plaintiff's claims against it cannot proceed.

Next, Plaintiff's claims against County Judge B. Glen Whitley run into a similar problem. Since a suit against a defendant in his official capacity[3] is a suit against his employer, Plaintiff's claims against Judge Whitley are duplicative of her claims against Tarrant County Juvenile Services. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") Furthermore, Defendants cite precedent that such duplicative claims should be dismissed. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (affirming district court's dismissal of duplicate claims); *Freeland v. Tarrant Cty., Tex.*, 4:18-CV-00845-A, 2019 WL 339452, at *4 (N.D. Tex. Jan. 28, 2019) (dismissing duplicative claims against Tarrant County Sheriff), *aff'd*, 789 F.App'x 406 (5th Cir.

---

[3] Plaintiff does not specify whether she is suing Judge Whitley in his personal or his official capacity. However, the Court notes that Plaintiff routinely levies her allegations against "Defendant or his agents" in her Original Petition. *See, e.g.*, Pl.'s Orig. Pet. ¶¶ 12–15, ECF No. 1-3. Likewise, each of Plaintiff's main claims—intentional infliction of emotional distress and unlawful hiring practices—were all allegedly committed "by Tarrant County Juvenile Services." *Id.* at 2–3. Based on this review of Plaintiff's Original Petition, the Court finds that Plaintiff is asserting claims against Judge Whitley in his official capacity. This view is shared by Defendants, and it is not contested by Plaintiff.

2019). Once again, Plaintiff cites no contrary authority, and the Court is persuaded by Defendant's uncontested arguments. Therefore, Plaintiff's claims against County Judge Whitley should be dismissed because they are duplicative of Plaintiff's claims against Tarrant County Juvenile Services.

Since neither Plaintiff's claims against Tarrant County Juvenile Services nor Plaintiff's claims against Judge Whitley can be sustained as a matter of law, the Court must dismiss this case.

### IV.     CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** Defendants' Motion to Dismiss (ECF No. 2) and **DISMISSES** this case. Final Judgment shall issue.

**SO ORDERED** on this **22nd day** of **March, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**